# IN THE COURT OF APPEALS OF IOWA

No. 15-1520
Filed June 15, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MICHAEL WAYNE JONES,**
　　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly, Judge.

Defendant appeals the district court's denial of the defendant's motion to suppress evidence. **AFFIRMED.**

Cory Goldensoph, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Following a trial on the minutes of testimony, Michael Jones was convicted of possession of paraphernalia and failure to affix a drug tax stamp, in violation of Iowa Code sections 124.414, 453B.1, 453B.3, and 453B.12 (2015). On appeal, the defendant contends the district court erred in denying his motion to suppress evidence allegedly obtained as a result of an unlawful search of his residence. Specifically, the defendant contends his constitutional right to be free from unreasonable search and seizure was violated when the police searched his residence pursuant to a warrant, he contends, not supported by probable cause.

Questions concerning the deprivation of a constitutional right are reviewed de novo. *See State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). "However, we do not make an independent determination of probable cause; rather, we determine whether the issuing judge had a substantial basis for concluding probable cause existed." *Id.* We make that determination only by reviewing the information actually presented to the judicial officer issuing the warrant. *See id.* In close cases, we will find in favor of upholding the warrant's validity. *See id.* at 100.

This is not a close case. The warrant was supported by an anonymous tip of drug activity at the defendant's residence, a single family home. The citizen complaint was corroborated by a trash-pull revealing additional evidence of drug activity at the residence, including a receipt linking the defendant to the residence, burnt cigarillos, and marijuana stems that field-tested positive for THC. Under the totality of the circumstances, the district court did not err in denying the defendant's motion to suppress. *See, e.g., State v. Gogg*, 561

N.W.2d 360, 367 (Iowa 1997) (concluding the district court erred in holding there was not a substantial basis to issue warrant where there were citizen complaints of large volume of traffic in and out of the residence, evidence the defendants resided at the place in question, and defendants seen in possession of drugs by an informant); *State v. Pargo*, No. 10-1492, 2012 WL 1058223, at *6 (Iowa Ct. App. Mar. 28, 2012) (concluding there was probable cause to search residence where the officer recovered discarded paraphernalia from the trash receptacle); *State v. Medved*, No. 10-1053, 2011 WL 3480966, at *9 (Iowa Ct. App. Aug. 10, 2011) ("The possession of marijuana is a criminal activity and the presence of marijuana in the garbage allowing a person of reasonable prudence to believe that marijuana is in the residence or that a crime had been committed. On this basis alone (without the information from the confidential informant), the magistrate could have made a practical, common sense decision that probable cause exists.").

The defendant's convictions are affirmed.

**AFFIRMED.**